UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 18-197(2) (PAM/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Jeffrey Detloff, | |
| Defendant. | |

This matter is before the Court on Defendant Jeffrey Detloff's Motion to modify his sentence under the First Step Act.  On July 25, 2019, Detloff pleaded guilty to conspiracy to commit mail and wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349.  Detloff has served approximately three months of his sixteen-month sentence.  He is scheduled to begin home confinement on January 6, 2021, and to complete his sentence on April 6, 2021.

Detloff claims that the current COVID-19 pandemic constitutes an extraordinary circumstance that calls for the Court releasing him early to home confinement.  He argues that he is at a heightened risk to contract COVID-19 because is 63 years old and has a history of prostate cancer as well as other unspecific health concerns.  He alleges that prisons are densely populated, which could facilitate the virus's spread.

The Government opposes Detloff's Motion, arguing that because he has not exhausted administrative remedies in the facility, this Court is without jurisdiction to entertain the Motion.  The First Step Act appears to provide that Courts may not review a

prisoner's claim that is not first presented to the Bureau of Prisons, as the Government argues. 18 U.S.C. § 3582(c)(1)(A).  But the Court can envision circumstances, including those the current COVID-19 pandemic raises, that may warrant waiving this 30-day exhaustion requirement—a gravely ill inmate, for example, or an immuno-suppressed individual at a facility with unchecked COVID-19 infections.  Thus, it is not appropriate in the context of the instant Motion for the Court to determine that it lacks jurisdiction over all unexhausted COVID-19 claims.

Detloff's Motion presents no such extenuating circumstance.  Indeed, he offers no "extraordinary and compelling reasons" why he should be released.  Id. § 3582(c)(1)(A)(i). Detloff offers no evidence to bolster his implied claim that he is at higher risk of contracting the virus.  He provides no medical records or any documentation to show that his history of prostate cancer renders him immunosuppressed.  And he has not shown that his medical condition "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13, application note 1(A). Additionally, the BOP determined that Detloff is not a candidate for home confinement, as he had served only fifteen percent of his sentence.  (Gov't's Opp'n Mem. (Docket No. 178) at 7.)

To merit such compassionate release, Detloff must show more than a mere speculation of the possibility of contracting the virus.  There are no verified incidents of COVID-19 at Duluth FPC, nor does he allege any incidents.  COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last accessed May

12, 2020). His unsubstantiated fears regarding COVID-19 are simply insufficient to warrant the extraordinary relief he requests.

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion for Modifying Sentence (Docket No. 175) is **DENIED**.

Date:  <u>May 13, 2020</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge